IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BYRON HARRIS, *pro se*, ) | Case No. 1:25-cv-00103 |
| ) | |
| Plaintiff, ) | JUDGE DAVID A. RUIZ |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | JONATHAN D. GREENBERG |
| ASSISTANT WARDEN KACY ) | |
| PLANK, *et al.*, ) | ORDER |
| ) | |
| Defendants. ) | |
| ) | |

### I.   INTRODUCTION

On January 21, 2025, *pro se* Plaintiff Byron Harris, a state prisoner at the Mansfield Correctional Institution, filed a Complaint against prison warden Harold May, Assistant Warden Kacy Plank, and correctional officers Marks and Mitchell. (R. 1).  On June 6, 2025, Plaintiff filed a motion for a temporary restraining order ("TRO") and motion for preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) & (b). (R. 14). He filed a Declaration in support. (R. 15).  Plaintiff has not provided notice to Defendants of his motion(s) for injunctive relief. Plaintiff's Certificate of Service merely states that the Court has been provided with a copy of his motion. (R. 14, PageID# 110). Although attorneys who are registered with the Court's electronic filing system automatically receive notification of filings, no attorney has yet to enter

1

an appearance for Defendants.[1]

For the following reasons, the motion for a TRO is denied due to lack of notice, and the Court defers ruling on the motion for a preliminary injunction.

## II. ALLEGED FACTS[2]

The relevant alleged facts are gathered from the Complaint, Plaintiff's motion, and his Declaration. It is alleged that Defendants Marks and Mitchell forced Plaintiff into a prison cell with another inmate who was allegedly the subject of an active Prison Rape Elimination Act ("PREA") investigation. (R. 1, PageID# 4). Plaintiff objected to being housed with said prisoner indicating he did not want to share a cell with a gay or bisexual inmate. *Id*. at ¶5.

On May 11, 2025, Plaintiff states his cellmate consumed a drug, had a medical emergency, and broke Plaintiff's tablet in the process. (R. 14, PageID# 105; R. 15 at ¶113). It is not entirely clear if this is the same cellmate about whom he complained in his Complaint. Plaintiff asked for a cell change after the incident, but was ostensibly told that moves were not scheduled until the coming Tuesday. (R. 14, PageID# 106).

On May 15, 2025, Plaintiff asserts that a verbal altercation occurred between himself and his cellmate concerning the broken tablet. (R. 14, PageID# 106). Plaintiff alleges the altercation

---

[1] Service was only recently performed on the four named Defendants on June 2, 2025, by the U.S. Marshall using FedEx. (R. 10, 11, 12, 13). To date, none of the Defendants have entered an appearance, though their time to do so has not expired. At this stage, the Court offers no conclusion as to whether service was proper, as that issue is not currently before the Court.

[2] Plaintiff's allegations are not entirely clear, as the events described in his filings lack sufficient context to demonstrate the sequence of events, and they describe what appears to be the same events multiple times.

"turned physical" but does not specify who was responsible for escalating the verbal argument into a physical one. *Id*. Plaintiff alleges prison staff failed to timely respond. (R. 15, PageID# 112-113). Plaintiff further alleges he sustained a fractured nose, two black eyes, and an injury to his femur bone. (R. 14, PageID# 107; R. 15, PageID# 113).

Plaintiff states that his attacker was "release[d] from custody on May 16, 2025," but does not specify whether said inmate was returned to Plaintiff's cell. (R. 14, PageID# 107). His Declaration states that prison staff is "still forcing me in cells with inmates that don't wanna cell with me …." (R. 15, PageID# 114). Thus, it remains unclear whether Plaintiff is still housed with the cellmate who he alleges injured him.

### III.    ANALYSIS

**A. Standard**

It is well-settled that a temporary restraining order is an extraordinary remedy granted only in rare circumstances. Fed. R. Civ. P. 65; *Granny Goose Foods v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974); *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain such relief, the moving party must "clearly show that immediate and irreparable injury, loss, or damage will result" if the motion is denied. Fed. R. Civ. P. 65(b)(1)(A). The reviewing court considers four factors when adjudicating a motion for a TRO: (1) whether the movant has a strong likelihood of success on the merits;[3] (2) whether the

---

[3] "Although a party is not required to prove its case in full at a preliminary injunction hearing, a plaintiff 'must show more than a mere possibility of success.'" *York Risk Servs. Grp., Inc. v. Couture*, 787 Fed. App'x 301, 305 (6th Cir. 2019) (quoting *Six Clinics Holding Corp. v. Cafcomp Sys., Inc.*, 119 F.3d 393, 402 (6th Cir. 1997)).

movant would suffer irreparable injury absent the injunction; (3) whether granting the relief would cause substantial harm to others; and (4) whether the public interest would be served by granting the relief. *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008).

**B. TROs *without* Notice**

Because Plaintiff has not provided notice to Defendants of his motion for a TRO and for a preliminary injunction, the Court presumes he is seeking a TRO under Fed. R. Civ. P. 65(b)(1), which states as follows:

> (b) Temporary Restraining Order.
>
> > (1) *Issuing Without Notice*. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> >
> > > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> > >
> > > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

*Id.*

"Although this rule applies on its face to attorneys only, courts across the country have held pro se litigants who seek a temporary restraining order to the same requirement." *Hollowell v. Bornkempt*, No. 3:17-CV-606 JD, 2017 WL 3446676, at *2 (N.D. Ind. Aug. 10, 2017) (collecting cases); *Bushner v. Kerner*, No. 2:24-cv-1861, 2024 U.S. Dist. LEXIS 124027 at *4, 2024 WL 3413251 (S.D. Ohio July 15, 2024).

Here, while Plaintiff has submitted a declaration, it does not comport with the requirements

of Fed. R. Civ. P. 65(b)(1)(B), as there is no explanation regarding the efforts to give notice or why it should not be required. Although a *pro se* pleading is construed liberally, a litigant's *pro se* status "does not exempt the Plaintiff from the requirement that he comply with relevant rules of procedural and substantive law." *Felts v. Cleveland Hous. Auth.*, 821 F. Supp. 2d 968, 970 (E.D. Tenn. 2011) (citing *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991)). "The requirements of Rule 65(b)(1) are not merely technical niceties that a court may easily disregard, but rather crucial safeguards of due process." *Tchienkou v. Net Tr. Mortg.*, 2010 WL 2375882, at *1 (W.D. Va. June 9, 2010) (citing, inter alia, *Jourdan v. Jabe*, 951 F.2d 108, 109-110 (6th Cir. 1991)).

Fed. R. Civ. P. 65 ensures that the Court only consider the extraordinary remedy of issuing a TRO without notice to the adverse party in limited circumstances. "The normal circumstance for which the district court would be justified in proceeding ex parte is where notice to the adverse party is impossible, as in the cases where the adverse party is unknown or is unable to be found." *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993) (citing *American Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir.1984) ("Where there are no practical obstacles to giving notice to the adverse party, an ex parte order is justified only if there is no less drastic means for protecting the plaintiff's interests.")). Herein, Plaintiff has not and could not in good faith argue that this justification is present in the current controversy. Although "another limited circumstance [would be] where notice to the defendant would render fruitless further prosecution of the action," such as where the movant "show[s] that the adverse party has a history of disposing of evidence or violating court orders"—none of which Plaintiff alleges here. *First Tech. Safety Sys., Inc.*, 11 F.3d at 650-51.

Plaintiff's motion for a TRO is denied for failure to provide notice. To the extent that Plaintiff moves the Court for a preliminary injunction, the Court defers ruling on Plaintiff's motion until such time as Defendants have been provided a meaningful opportunity to respond. Plaintiff, therefore, is instructed to serve Defendants with a copy of his motion.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for a temporary restraining order (R. 14) is DENIED. The Court defers ruling on the Motion for a preliminary injunction until Defendants have been afforded an opportunity to respond.

IT IS SO ORDERED.

Date: June 17, 2025

/s/ *David A. Ruiz*
David A. Ruiz
United States District Judge